Case 1:20-cv-00926-UNA   Document 3   Filed 04/28/20   Page 1 of 3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONIQUE LAURENT MILLER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.:1:20-cv-00926 (UNA) |
| ) | |
| INTERNATIONAL OLYMPIC COMMITTEE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to Fed. R. Civ. P. 8(a), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Chicago, Illinois, sues the International Olympic Committee, located in Lausanne, Switzerland. She brings this suit individually and also holds herself out as a "Judicial Watch advocate" and a "representative of Chicago, Illinois[,]" and attempts to bring this suit on behalf of "the people of the United States of America." As a preliminary matter, a *pro se* litigant can represent only herself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). This matter is no exception.

Plaintiff indicates that she others would "like to see the Olympics take place in Chicago, Illinois." She alleges that, for the past 112 years, defendant has violated constitutional "freedom of choice" and had committed unspecified discrimination by failing to choose Chicago as an

Olympic host city. She also argues that, if Chicago were chosen as a host city, it would benefit from the tenets of the Miller Act.

First, Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560-61 (alterations, internal quotation marks, and citations omitted). Where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Here, plaintiff has failed to establish standing because she has not pled any actual or imminent injury aside from, at best, a generalized grievance.

Second, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate

defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Here, plaintiff does not articulate the specific nature or context of any discrimination she allegedly endured. She does not state what happened or where, and since she also omits when, there is no way to assess whether any of the claims are timely. Last, while she references the Miller Act, any connection or obligation that this defendant has relevant to that statute is completely unclear. The complaint, therefore, also fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

For all of these reasons, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____/s/_____
AMY BERMAN JACKSON
United States District Judge

Date: April 28, 2020